# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 22-0688V**

SUSAN WHITE,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

Chief Special Master Corcoran

Filed: February 23, 2026

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Katherine Edwards, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 17, 2022, Susan White filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged she suffered a shoulder injury related to vaccine administration a defined Table injury, or in the alternative a causation-in-fact injury, after receiving a tetanus, diphtheria, acellular pertussis vaccine she received on February 5, 2021. Petition, ECF No. 1. On March 17, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 38.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $27,990.49 (representing $26,853.60 in fees plus $1,136.89 in costs). Application for Attorneys' Fees and Costs ("Motion") filed July 9, 2025, ECF No. 43. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 43 at 2.

Respondent reacted to the Motion on July 21, 2025, raising a concern regarding the billing entries by attorney Leah Durant, specifically reporting that "Ms. Durant listed herself as the attorney performing work on days that Respondent was instead communicating with Attorney Mateo Forero." Respondent's Response at 1, ECF No. 44. Respondent also indicated that Mr. Forero's initials do not appear in the invoices, and he does not appear to have billed for work completed during the period respondent was in direct negotiations with him, nor for any work performed in this matter. *Id.* at 1. Respondent ultimately stated, however, that he defers resolution of the amount to be awarded to my discretion. ECF No. 44 at 1-5.

Petitioner's counsel filed a reply stating that Mr. Forero was an associate for less than one year, and is no longer associated with Petitioner's law firm. ECF No. 45 at 3. Furthermore, Ms. Durant reported that the work product at issue was "entirely the creation of Ms. Durant and every email sent to DOJ counsel by Mr. Forero was specifically overseen by Ms. Durant." *Id.* at 3. And to minimize overbilling in this matter, only one attorney billed for the relevant tasks.

I have reviewed the billing records submitted with Petitioner's request, and find a minor reduction in the amount of fees to be awarded appropriate, for the reason stated below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience

2

and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES AND COSTS

### A. Hourly Rates

The hourly rates[3] requested by Ms. Durant and her paralegals are reasonable, and consistent with our prior determinations and shall be awarded.

However, Attorney Vitt was previously awarded $430.00 for time billed in 2024 and $460.00 for time billed in 2025. *See Toothman* v. *Sec'y of Health & Hum. Servs.,* No. 22-0207V, Slip Op. 47 (Fed. Cl. Spec. Mstr. July 29, 2025). I find no reason to deviate from that determination, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Hum. Servs.*, No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I hereby reduce Ms. Vitt's rates to be consistent with *Toothman*. **Application of the foregoing reduces the fees to be awarded by $412.80**.[4]

---

[3] I note the billing records for the Durant firm reference the initials only, for multiple attorneys and paralegals who worked on the case, making it difficult to decipher exactly who performed work in this matter. The motion contains no summary list of the full names of each person performing work herein, which most other law firms provide in the Program. The Durant firm should include this information in all future motions.

[4] This amount is calculated as follows: ($475.00 - $430.00 = $45.00 x 8.00 hours billed by Ms. Vitt in 2024) + ($508.00 - $460.00 = $48.00 x 1.10 hours billed by Ms. Vitt in 2025) = $412.80

B. *Time Billed By Ms. Durant for Other Attorney's Work*

It is not appropriate as a general matter for counsel to bill time to a matter literally performed by a different attorney – and this is so even if the attorney is no longer with the firm billing that time. The fact that attorneys at the same firm may have different levels of expertise, and/or billing rates, also underscores the importance of proper billing by the attorney who performed the work.

At the same time, however, firms can make their own pre-fees motions adjustments to what time they will seek to have reimbursed – and in doing so may reasonably eliminate time they do not believe is properly requested. In this case, that is effectively what Ms. Durant has done – she has only billed for work she represents she performed along with the departed Mr. Forero and also indicates it was solely her work product. Even so, Respondent recalls communicating specifically with Mr. Forero on May 6, 2024 and July 19, 2024. Accordingly, I hereby apply Mr. Forero's 2024 hourly rate for these specific tasks. **Application of the foregoing reduces the fees to be awarded herein by $505.00.[5]**

C. *Litigation Costs*

Petitioner has provided supporting documentation for all claimed costs. ECF No. 43-2. Respondent offered no specific objection to the litigation costs sought. I find the requested costs reasonable and hereby award them in full.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $27,072.69 (representing $25,935.80 in fees plus $1,136.89 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see

---

[5] This amount consists of adjusting the aforementioned billing entries and is calculated as follows: ($486.00 - $385.00 = $101.00 x 5.00 hours) = $505.00.

Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.